**No. 41116.**—Protest 801185–G of Revillon Frères (New York).

Keefe, Judge: This case involves the identification of certain wearing apparel imported without the payment of duty under section 308, Tariff Act of 1930, for the purpose of reproduction, under bond for exportation. After these articles were used as models for reproduction they were submitted to the customs officials for identification and export supervision. It was found that the cords by which the seals had been attached to the models numbered 3, 16, and 17 on the invoice had become severed. The examining official refused identification, stating that the articles could not be positively identified as the ones originally imported. In the absence of the identification certificate of the appraiser the collector assessed an amount in liquidated damages equal to the amount of duty. Item 8 on the invoice consisting of an ensemble of a lace dress, cape, and slip was assessed with liquidated damages equal to the duty upon the entire ensemble because the slip had not been returned as a part of the ensemble. The plaintiff claims that the regulations had been fully complied with and that the merchandise is entitled to an exemption from duty except as to the value of the missing slip because said slip is not a material part of the ensemble and not an entirety therewith.

At the trial it was established that items 3, 16, and 17 were used as models in the establishment of the importer and had no other use; that in the use as models the cords had become worn and none of them was purposely detached; that the identical models imported were taken to the customs officials for identification but the appraiser refused to identify the items because of the broken cords. It was further established that the models were then packed and shipped within the bonded period by parcel post to France. The insured parcel post receipt was admitted in evidence to establish the fact that the articles were shipped.

It was also established at the trial that item 8 was imported as an ensemble of three pieces, to wit, a lace dress, a cape, and a slip; that the slip was apparently lost and was not returned to the appraiser with the lace dress and cape. The plaintiff contends that the slip does not constitute a part of an entirety with the ensemble because a slip is interchangeable and very often a model is sold with the slip, which usually is of small value, and that therefore duty should not have been taken upon anything more than the missing slip. The Government, how-

ever, insists that the ensemble was imported under bond as an entirety and that its exportation was guaranteed and that as the ensemble in its entirety was not exported the terms of the bond have been violated and damages are assessable upon the entirety. Upon the question of the slip being excluded from the ensemble as an entirety the plaintiff testified that the slip consisted of two pieces of silk seamed together which was a foundation for the dress; that in his opinion slips are not part of an ensemble because any color or quality of silk may be used as foundations and they are interchangeable; that from a fashion standpoint the slip had no importance, the important items of the ensemble being the dress and cape; and that the slip was not attached to the dress by a cord and seal.

Articles imported together with the intention that they be used together so as to form a complete article of commerce and in the absence of one of the articles or parts the whole ensemble could not function as such article are to be regarded as an entirety for duty purposes. See *Kwong Yuen & Co.* v. *United States*, T. D. 49409, and the cases therein cited. It is clear that the ensemble here in question could not function as an article of commerce without the use of a foundation slip and that the slip constitutes an integral or component part of the article imported even though it is not material in its use as a model.

From the evidence submitted we are of the opinion that the items invoiced as numbers 3, 16, and 17 are identical with the merchandise imported and that they were used in accordance with the provisions of section 308 and the regulations thereunder. It has long been held by the courts that the collector's exaction upon models, imported under the provisions of section 308, because of incomplete identification, may be remitted upon proof that the merchandise exported was identical with the merchandise imported. See *Bonwit Teller & Co.* v. *United States*, T. D. 49322.

For the reasons stated, judgment will be entered in favor of the plaintiffs directing the collector of customs to reliquidate the entry making refund of all exactions levied upon items 3, 16, and 17. In all other respects the protest is overruled.